IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-01916-RM-KAS

JORDAN CHRISTENSEN,

    Plaintiff,

v.

DENVER HEALTH AND HOSPITAL AUTHORITY, doing business as Denver Health Paramedic Division,

    Defendant.

_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

    This matter is before the Court on Plaintiff's **Motion to Compel Production of the Quality Review File** [#59] (the "Motion").[1] Plaintiff seeks production of Defendant Denver Health and Hospital Authority's Quality Review File, which contains confidential and privileged information generated during an internal review of provided patient care. Plaintiff claims that Defendant implicitly or impliedly waived any privilege by "injecti[ing] the 'Quality Review File' into the case" because "Defendant's expert intends to testify that he relied upon the 'Quality Review File' to terminate Plaintiff[.]" *Motion* [#59] at 1-2. Defendant opposes Plaintiff's waiver argument and asserts that its expert did not rely on the Quality Review File to reach his conclusions about the basis for Plaintiff's termination.

---

[1] On September 5, 2023, the Court held a discovery hearing on Plaintiff's oral Motion to Compel Production of the Quality Review File, which was identified in Defendant's expert report and privilege log but was not produced. *Courtroom Minutes* [#54]. At the hearing's conclusion, the Court ordered Plaintiff to file a brief regarding Defendant's alleged privilege waiver regarding the Quality Review File. In response to the Court's Order, Plaintiff filed the instant Motion [#59] and Defendant filed its Response [#64]. No replies were permitted. *Minutes* [#54].

1

*Response* [#64] at 2-4. The Court has reviewed the Motion, the Response, the record from the September 5, 2023 discovery hearing, and the applicable law, and is sufficiently advised in the premises. For the reasons discussed below, the Motion [#59] is **DENIED**.

## I.    Background

Plaintiff Jordan Christensen brought this employment discrimination lawsuit following Defendant Denver Health's termination of his job as a paramedic on January 7, 2021. *Am. Compl.* [#21] at 1-2, 5. He alleges that Denver Health "repeatedly subject[ed] [him] to ongoing harassment and discrimination after he announced on Facebook that he was gay in 2015." *Id*. ¶ 1. As part of that discrimination, Denver Health allegedly disciplined Plaintiff but not his heterosexual colleagues for certain infractions. *See id*. ¶¶ 54-65, 68-82. Plaintiff Christensen also alleges that despite a general policy of "not terminat[ing] paramedics for medical mistakes," Denver Health terminated him following an alleged incident on December 8, 2020, when he administered epinephrine to a woman who was experiencing a medical emergency in a parking garage on Denver Health's campus. *Id*. ¶¶ 130-147. Plaintiff Christensen contends that Denver Health's decision to terminate him was pretextual and based on his sexual orientation, and that he was "treated differently than his counterparts who do not openly identify as gay" and who were present during the December 8, 2020 incident. *Id*. ¶¶ 148-152. Plaintiff further contends that he was terminated in retaliation for his complaints to Denver Health's Human Resources Department regarding the discrimination he experienced since disclosing his sexual orientation. *Id*. ¶ 152.

## II. Standard of Review

Pursuant to Federal Rule of Civil Procedure 37(a)(3)(A), "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure[.]" Rule 26(b)(1) permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defenses and proportional to the needs of the case[.]"

## III. Analysis

Plaintiff Christensen seeks production of Denver Health's Quality Review File related to the December 8, 2020 incident involving his administration of epinephrine to a woman experiencing a medical emergency. Denver Health identified the Quality Review File in its privilege log and, as grounds for privilege, cited 42 U.S.C. §§ 299b-21 to 299b-22, Colo. Rev. Stat. § 25-3-109, Colo. Rev. Stat. § 25-3.5-904, the Health Insurance Portability and Accountability Act (HIPAA), and confidentiality. In a supplemental privilege log,[2] Denver Health clarified that the Quality Review File "is a Quality Management record that is part of Denver Health's Quality Management Program[,]" and the "Program complies with the component requirements in Colorado to achieve the relevant privilege and confidentiality." *Def.'s Privilege Log* [#59-3] at 4-5. Additionally, Denver Health categorized the information contained in the Quality Review File (i.e., "deliberative process notes, electronic mail communications, Patient Care Report, and witness statements") and identified those categories by Bates numbers. *Id*. at 5-6.

Additionally, pursuant to Court order,[3] Denver Health tendered an affidavit from the Assistant Director of Clinical Performance, David Edwards, which explains that the

---

[2] Denver Health supplemented its privilege log pursuant to Court Order. *See Minutes* [#54] at 1.

[3] *Minutes* [#54] at 1.

"Quality Review Files are created at the discretion of Denver Health Paramedic Division Clinical Performance leadership, in conjunction with the Denver Health Paramedic Division Medical Direction team." *D. Edwards Aff.* [#59-4] ¶ 1. The affidavit further explains that the Denver Health IT team restricts access to the Quality Review Files. *Id*. The affidavit also explains that the Quality Review Files are created as part of the Denver Health Paramedic Division's quality management program, which includes periodic review of protocols and compliance, peer review, data collection, identification of potential risks, problem analysis and investigation, and identification and implementation of corrective actions. *Id*. ¶ 4. Finally, the affidavit asserts that the Quality Review Files are confidential and privileged under state law. *Id*. ¶ 5.

42 U.S.C. § 299b-22(a) states, "[n]otwithstanding any other provision of Federal, State, or local law, . . . patient safety work product shall be privileged and shall not be . . . (1) subject to discovery in connection with a Federal . . . civil . . . proceeding[.]" The federal statute also prohibits disclosure of patient safety work product. *See* 42 U.S.C. § 299b-22(b). "Patient safety work product" includes "any data, reports, records, memoranda, analyses (such as root cause analyses), or written or oral statements[,]" which "are assembled by a provider for reporting to a patient safety organization and are reported to a patient safety organization[.]" 42 U.S.C. §§ 299b-21(7)(A)(i)(I).

Analogously, Colorado law bestows confidentiality upon "quality management information relating to the evaluation or improvement of the quality of health-care services" and, thus, "records, reports, and other information [that are part of a quality management program] . . . shall not be . . . discoverable . . . in any civil . . . proceeding." Colo. Rev. Stat. § 25-3-109(1), (3), and (4). A "quality management program" includes

4

periodic review of treatment protocols and compliance, peer review of emergency medical service providers, and collected data. *See* Colo. Rev. Stat. § 25-3.5-904(1).

Plaintiff Christensen does not dispute the general privileged nature of quality review files under federal and state law; rather, Plaintiff argues that Denver Health "expressly or impliedly waived this privilege" by "inject[ing] the 'privileged information' into the case" via its expert disclosures. *Motion* [#59] at 1-4. In support, Plaintiff contends that Defendant's expert disclosures "stat[e] that its expert, Dr. [Kevin] McVaney, relied upon the 'Quality Review File' in terminating Plaintiff." *Id*. at 4 (citing *Def. Expert Discl.* [#59-1]; *Def. Priv. Log* [#59-2]).

"Waiver is the deliberate relinquishment of a right which might otherwise be claimed . . . . [A] right that is waived is not available to be picked up again as if it were a handy tool." *CP Kelco U.S. Inc. v. Pharmacia Corp.*, 213 F.R.D. 176, 179 (D. Del. 2003) (citations omitted). "In the context of an assertion of privilege, the inviolability of that rule is of fundamental importance. It would be manifestly unfair to allow a party to use the privilege to shield information which it had deliberately chose to use offensively[.]" *Id*. (discussing waiver of attorney-client privilege where privileged documents were provided to expert for formulation of expert testimony); *see also Doe v. Luzerne County*, No. 3:04-1637, 2008 WL 2518131, at *4 (M.D. Pa. June 19, 2008) (finding work-product privilege waiver where privileged document was disclosed to expert witness who "considered, relied upon and cited to the document" in his report).

In its opposition to the Motion to Compel and any claim of waiver, Denver Health clarifies that Dr. McVaney was designated as a non-retained expert, even though he "is really a fact witness," because "the factual information behind his decisions related to

5

Plaintiff's termination from Denver Health calls for information that could be considered expert in nature (as it is beyond the purview of a lay witness)." *Response* [#64] at 4. Denver Health further clarifies that because of his role as then-Medical Director of Denver Paramedics and his direct involvement in Plaintiff's termination, "Dr. McVaney had knowledge of the contents of the Quality Review File[.]" *Id*. at 4-5. Finally, Denver Health represents that, since the litigation's commencement, it has not provided Dr. McVaney with the Quality Review File in an attempt to "refresh[ ]" his "knowledge" of the reasons for Plaintiff's termination, it has "not sen[t] the privileged documents to Dr. McVaney for the specific purpose of forming an expert opinion specific to this lawsuit," and it has not otherwise "produced the Quality Review File in this case[.]" *Id.*

Denver Health's Amended Rule 26(a)(2) Disclosures further substantiate Dr. McVaney's direct knowledge of the reasons for Plaintiff's termination. Those disclosures reveal that, during the operative time period, Dr. McVaney served as Denver Health's Medical Director for Denver Paramedics and was "the ultimate decision-maker on medical care with respect to care provided by the Paramedic Division [and] all paramedics worked under his medical license." *Def.'s Am. Rule 26(a)(2) Disclosures* [#59-1] at 2. Additionally, the disclosures identify Dr. McVaney's areas of testimony to include: his "*direct knowledge* of the events and circumstances related to this litigation;" "observations and oversight of Plaintiff's medical practice as a paramedic at Denver Health under Dr. McVaney's medical license;" concerns raised about Plaintiff's use of ketamine on a patient in 2020, which diverged from general practice; Plaintiff's failure to adhere to specific paramedic protocols when he used epinephrine during a medical emergency on December 8, 2020; Plaintiff's unwillingness to accept and adhere to training, medical

coaching, and medical guidance; and Dr. McVaney's involvement in the decision to terminate Plaintiff." *Id*. at 2-4.

Because Dr. McVaney's testimony will be based on his direct knowledge and involvement in Plaintiff's termination, and because there is no evidence that Denver Health provided Dr. McVaney the Quality Review File to formulate his factual testimony, as depicted in Defendant's Rule 26(a)(2) disclosures, the Court finds that Denver Health has not waived the privilege that federal and state law bestow upon the Quality Review File.

Finally, the Court rejects Plaintiff Christensen's contention that he "will be severely prejudiced in this litigation" without the Quality Review File because he "will not be able to introduce evidence of pretext as it relates to" the reasons for Plaintiff's termination. *Motion* [#59] at 5. Defendant's Rule 26(a)(2) disclosures identify multiple bases for Dr. McVaney's anticipated factual testimony, including his own observations separate and apart from Denver Health's quality management program, which Plaintiff can scrutinize during Dr. McVaney's deposition; a disclosed patient care report (DHHA000399-000406); various disclosed Denver Health protocols; and audio recordings that Plaintiff produced (Christensen_000214-000215). The Court agrees with Denver Health that "Plaintiff has all the necessary information, documents, and access to Dr. McVaney that he could possibly need to prosecute his case[.]"

## IV. Conclusion

Based on the foregoing,

IT IS HEREBY **ORDERED** that Plaintiff's Motion to Compel Production of the Quality Review File [#59] is **DENIED**.

Dated: November 14, 2023

BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge